ELLIOTT N. TIOMKIN, ESQ. (SBN 248737)
LAW OFFICES OF ELLIOTT N. TIOMKIN
16133 Ventura Boulevard, Suite 700
Encino, California 91436
(310) 774-1437 telephone
(310) 919-3744 facsimile
etiomkin@gmail.com electronic mail

Attorneys for Plaintiff CHRISTOPHER GOERTEMILLER

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GOERTEMILLER, | CASE NO.   2:21-cv-1583 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. 42 U.S.C. § 1983 (Individual Liability) |
| COUNTY OF LOS ANGELES; TRAVIS OGLE; JON BECK; FORREST TUCKER; DIMITRI RASAEI; MICHAEL MILLER; CHRISTOPHER VODA, | 2. 42 U.S.C. § 1983 (Municipal Liability) |
| Defendants. | REQUEST FOR TRIAL BY JURY |

COME NOW, plaintiff CHRISTOPHER GOERTEMILLER and for causes of action against defendants, and each of them, allege:

## GENERAL ALLEGATIONS

1. Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and 1343.

2. This is a complaint for money damages by Plaintiff arising under United States Code, Title 42, Sections 1983 and 1988 for redress of deprivation under color of law of his rights, privileges and immunities secured by said statutes, and by the Fourth Amendment applicable to defendants through the Fourteenth Amendment to the United States Constitution. This action arises out of an incident wherein the six individual defendants, in their official capacity as Deputy Sheriffs for the County of Los Angeles, attacked, brutally beat, and sexually assaulted plaintiff while he was restrained.

3. At all times herein mentioned, Plaintiff was a citizen of the United States, residing in the County of Los Angeles and the State of California, within the Central District of this Court.

4. Defendant COUNTY OF LOS ANGELES is and at all times material herein was a public entity duly organized by charter and existing as such in the State of California.

5. At all times material herein, defendant COUNTY OF LOS ANGELES was responsible for the promulgation and implementation of policies, rules,

regulations, and procedures for the LOS ANGELES COUNTY SHERIFF and its deputies, including but not limited to, hiring, training, supervision, retraining, discipline and termination.

6. At all times material herein, defendant DEPUTY TRAVIS OGLE (hereinafter "OGLE") was a duly appointed, qualified and acting deputy sheriff employed as such by defendant COUNTY OF LOS ANGELES and at all times material herein, said defendant was acting in the course and scope of such employment and under color of state law as a peace officer.

7. At all times material herein, defendant DEPUTY JON BECK (hereinafter "BECK") was a duly appointed, qualified and acting deputy sheriff employed as such by defendant COUNTY OF LOS ANGELES and at all times material herein, said defendant was acting in the course and scope of such employment and under color of state law as a peace officer.

8. At all times material herein, defendant DEPUTY FORREST TUCKER (hereinafter "TUCKER") was a duly appointed, qualified and acting deputy sheriff employed as such by defendant COUNTY OF LOS ANGELES and at all times material herein, said defendant was acting in the course and scope of such employment and under color of state law as a peace officer.

9. At all times material herein, defendant DEPUTY DIMITRI RASAEI (hereinafter "RASAEI") was a duly appointed, qualified and acting deputy sheriff employed as such by defendant COUNTY OF LOS ANGELES and at all times material herein, said defendant was acting in the course and scope of such employment and under color of state law as a peace officer.

10. At all times material herein, defendant DEPUTY MICHAEL MILLER (hereinafter "MILLER") was a duly appointed, qualified and acting deputy sheriff employed as such by defendant COUNTY OF LOS ANGELES and at all times material herein, said defendant was acting in the course and scope of such employment and under color of state law as a peace officer.

11. At all times material herein, defendant SERGEANT CHRISTOPHER VODA (hereinafter "VODA") was a duly appointed, qualified and acting deputy sheriff employed as such by defendant COUNTY OF LOS ANGELES and at all times material herein, said defendant was acting in the course and scope of such employment and under color of state law as a peace officer.

12. At all times material herein, defendants OGLE, BECK, TUCKER, RASAEI, MILLER, and VODA, (hereinafter "DEPUTY DEFENDANTS") and each of them, were acting as the employees, agents, representatives, and officers of every

other defendant herein, and within the course and scope of such employment and agency.

# FIRST CAUSE OF ACTION

## AGAINST DEFENDANTS OGLE, BECK, TUCKER, RASAEI, MILLER, AND VODA FOR VIOLATION OF CIVIL RIGHTS
## (42 U.S.C. § 1983)

13. On February 24, 2019, the DEPUTY DEFENDANTS were looking for plaintiff, who they suspected of driving a stolen car. The DEPUTY DEFENDANTS had tried to detain plaintiff twice earlier that day, but plaintiff had run away from them into the Santa Clarita mountains. The DEPUTY DEFENDANTS could not locate plaintiff, and they were angry.

14. Santa Clarita is a relatively small community, and the DEPUTY DEFENDANTS knew plaintiff and his family. Plaintiff had never been known to use violence or carry weapons. Plaintiff's brother called the station, and stated that plaintiff was at the Jack in the Box in Santa Clarita. The DEPUTY DEFENDANTS drove to the Jack in the Box. Plaintiff and his family members were there.

15. When plaintiff saw the DEPUTY DEFENDANTS, he ran away again, on foot. The DEPUTY DEFENDANTS gave chase.

16. Plaintiff ran into the parking lot of Remo, Inc., a commercial facility. At the end of the parking lot were tall cinder walls. The six DEPUTY DEFENDANTS surrounded plaintiff in their patrol vehicles. Plaintiff had nowhere to go.

17. Plaintiff's family members had followed the DEPUTY DEFENDANTS and observed what happened next.

18. Plaintiff raised his hands in the air and peaceably surrendered.

19. Without any giving any warning or order, OGLE punched plaintiff to the face with a closed fist. The punch caused plaintiff to fall to the ground, and plaintiff remained there, while the six armed DEPUTY DEFENDANTS assaulted him.

20. Plaintiff never struck or intimidated anyone. DEPUTY DEFENDANTS did not observe any violence, contraband, weapons, injuries or threats to any person or property. Plaintiff did not resist any orders, used no force and made no threats toward any deputy.

21. The DEPUTY DEFENDANTS gave no warnings or orders to plaintiff prior to assaulting him. The deputies proceeded to beat plaintiff, punching him in the face with their fists, kneeing him and kicking him with shod feet, even while plaintiff

remained on the ground, was in handcuffs, and offered no resistance. While the beating continued, OGLE pulled down plaintiff's clothes and sodomized plaintiff.

22. As a result of being assaulted, Plaintiff sustained injuries to his body. Plaintiff was taken by paramedics to Henry Mayo Memorial Hospital.

23. Plaintiff was arrested and searched. Plaintiff did not possess any weapons.

24. No lawful basis existed for the DEPUTY DEFENDANTS to use force on Plaintiff. The deputies' assaultive behavior against Plaintiff was entirely unjustified and unreasonable. Plaintiff, had made no threats, used no violence, and had done nothing to warrant the abuse he suffered at the hands of law enforcement.

## A. EXCESSIVE FORCE UNDER SECTION 1983

25. Plaintiff realleges Paragraphs 1 through 24, as though set forth herein verbatim.

26. The DEPUTY DEFENDANTS used excessive force on Plaintiff. The force used by the DEPUTY DEFENDANTS was not objectively reasonable.

24. The DEPUTY DEFENDANTS' use of excessive force on Plaintiff, was conducted for the purpose of violating and did violate plaintiff's civil rights, specifically his right to be free of unreasonable searches and seizures, and the deprivation of

liberty and property without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

### B. VIOLATION OF DUE PROCESS RIGHTS UNDER SECTION 1983 THROUGH FAILURE TO INTERVENE

25. Plaintiff realleges Paragraphs 1 through 24, as though set forth herein verbatim.

26. As law enforcement officers, the DEPUTY DEFENDANTS had an affirmative duty to enforce the law and preserve the peace. This duty included stopping others from violating the law or depriving an individual of his or her constitutional rights. A peace officer may not ignore the duty imposed on his office and, having the opportunity, fail to stop or deter other persons from illegally punishing or using unnecessary or excessive force upon a third person in his presence.

27. The DEPUTY DEFENDANTS' failure to intervene even as Plaintiff was brutally assaulted, was done for the purpose of violating and did violate Plaintiff's civil rights, specifically his right to be free of unreasonable searches and seizures, and the deprivation of liberty and property without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

28. The DEPUTY DEFENDANTS' brutal assault on the plaintiff and their failure to intervene all violated Plaintiff's civil rights under the Fourth and Fourteenth

-8-

Amendments to the United States Constitution, and caused Plaintiff palpable harm.

29. As a proximate result of the aforementioned acts and omissions of DEPUTY DEFENDANTS, and each of them, Plaintiff has suffered and will continue to suffer physical injury, including exacerbation of his pre-existing injuries, if any, as well as mental pain, fear, anguish, torment, anxiety, humiliation, depression and emotional distress, all proximately resulting in some permanent impairment, disability and damage, according to proof.

30. As a proximate result of the aforementioned acts and omissions of DEPUTY DEFENDANTS, and each of them, Plaintiff has incurred and will continue to incur doctor, medical, psychiatric, pharmaceutical and incidental expenses, according to proof.

31. The aforementioned acts and omissions of DEPUTY DEFENDANTS, and each of them, were despicable and outrageous, warranting the imposition of punitive and exemplary damages, as said acts were committed by DEPUTY DEFENDANTS and each of them knowingly, willfully, and maliciously, and with the intent to oppress Plaintiff because of his assertion of his constitutional rights, or in reckless disregard for Plaintiff's civil rights, and in order to cause his injuries and the loss of his aforesaid constitutional rights. By reason thereof, Plaintiff requests that said

Defendants each be required to pay damages in an amount sufficient to deter others from such conduct and to make an example of said individual defendants.

32. By reason of the aforementioned acts and omissions of DEPUTY DEFENDANTS, Plaintiff requests payment by defendants of a reasonable sum as and for attorney fees pursuant to Title 42 of the United States Code, section 1988.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS COUNTY OF LOS ANGELES FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983 *Monell* Claim)

33. Plaintiff realleges Paragraphs 1 through 32, as though set forth herein verbatim.

34. Defendant COUNTY OF LOS ANGELES at all times material herein was, and now is, a public entity, authorized and existing as such under the laws of the State of California. At all times herein mentioned, COUNTY OF LOS ANGELES possessed the power and authority to enact legislation, adopt policies, prescribe rules and regulations, customs, usages and practices affecting the operation of its Sheriff's Department, and particularly said Department's hiring, training, supervision and disciplinary practices, as well as the Department's use of force against civilians, and its continuing failure to objectively and thoroughly investigate crimes committed by its rank and file.

35. At all times material herein, COUNTY OF LOS ANGELES, and employees acting under its direction and control, knowingly and intentionally promulgated, maintained, tolerated, applied and enforced policies, customs, practices and usages in violation of the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, which customs, policies, practices and usages, at all times herein mentioned, required, or at least encouraged, tolerated or ratified, the employment, deployment, and retention of persons as peace officers who are unsuitable due to bias, prejudice and/or a propensity for manifesting violence, cruelty and dishonesty toward and upon all manner of persons with whom they come into contact in the course of their duties as peace officers, including the DEPUTY DEFENDANTS.

36. Numerous inquiries and investigations by public and private entities, ranging from the American Civil Liberties Union to the United States Department of Justice, have found that Defendant COUNTY OF LOS ANGELES's Sheriff's Department have a custom, policy, practice, and usage requiring, encouraging, tolerating, or ratifying civil rights violations, including excessive force, violence, and cruelty toward unarmed citizens, bias and prejudice, dishonesty, false police reports, fabrication of evidence and/or probable cause, false arrest and imprisonment, and witness intimidation.

37. In January 2021, California Attorney General Xavier Becerra announced he is launching a civil rights investigation of the Los Angeles County Sheriff's Department (LASD). The California Department of Justice (DOJ) investigation comes on the heels of allegations of excessive force, retaliation, and other misconduct, as well as a number of recent reported incidents involving LASD management and personnel. Today's action by DOJ also comes in response to the absence of sustained and comprehensive oversight of LASD's operations. "Those of us in positions of public trust know that the job comes with the solemn obligation to be accountable to the people we serve. Because of the nature of the work involved in law enforcement, that duty of care is heightened," said Attorney General Becerra. "There are serious concerns and reports that accountability and adherence to legitimate policing practices have lapsed at the Los Angeles County Sheriff's Department. We are undertaking this investigation to determine if LASD has violated the law or the rights of the people of Los Angeles County."

38. Pursuant to said policies, customs, practices and/or usages, the DEPUTY DEFENDANTS were at all times material herein employed, retained and assigned to duties as peace officers for defendant COUNTY OF LOS ANGELES and, as such, said employees, agents and representatives were acting under the COUNTY OF LOS ANGELES' discretion and control. The COUNTY OF LOS ANGELES knew, or in the exercise of reasonable care should have known, that DEPUTY DEFENDANTS had a propensity for violence, cruelty, dishonesty and

unlawfulness and for inflicting upon all manner of persons, including Plaintiff, unreasonable and unnecessary force without a warrant or other legal justification, making false statements and fabricating evidence, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

39. Following their custom and practice, defendant COUNTY OF LOS ANGELES, ratified the misconduct of rogue deputies, including DEPUTY DEFENDANTS, by, for example, ignoring multiple complaints into the conduct of deputies, authoring use of force reports which approved of misconduct, approving false and malicious prosecutions of individuals who suffered excessive force, failing to properly hire, train, disclipine, and terminate deputies who had violated the civil rights of civilians.

40. Also, in the instant case, defendant COUNTY OF LOS ANGELES ratified the misconduct of DEPUTY DEFENDANTS by, for example, ignoring multiple complaints into the conduct of DEPUTY DEFENDANTS, authoring use of force reports which approved of misconduct of DEPUTY DEFENDANTS, failing to properly hire, train, disclipine, and terminate DEPUTY DEFENDANTS, and conspiring to and covering up the aforesaid constitutional deprivations which proximately caused the injuries to plaintiff.

41. The custom and practice of defendant COUNTY OF LOS ANGELES proximately caused the aforesaid injuries to Plaintiff, all to his general damages in an amount to be proved at trial.

42. By reason of the aforementioned acts and omissions of defendant COUNTY OF LOS ANGELES, Plaintiff requests payment by defendant COUNTY OF LOS ANGELES of a reasonable sum as and for attorney fees pursuant to Title 42 of the United States Code, section 1988.

**WHEREFORE**, Plaintiff prays for judgment against these defendants and each of them, as follows:

1. For general damages, according to proof;

2. For special damages for medical and related expenses, according to proof;

3. For punitive damages against the individual defendant(s), as allowed by law;

4. For reasonable attorney's fees pursuant to Title 42, United States Code, Section 1988;

5. For plaintiff's costs of suit herein;

6. For such other and further relief as this Court deems just and proper.

Dated: February 19, 2021            LAW OFFICES OF ELLIOTT N. TIOMKIN

                                    BY    /s/ Elliott N. Tiomkin
                                          _____
                                          ELLIOTT N. TIOMKIN
                                          Attorneys for Plaintiff, Christopher Goertemiller

## REQUEST FOR TRIAL BY JURY

Plaintiff Christopher Goertemiller hereby requests a trial by jury of the within action.

DATED: February 19, 2021          Respectfully submitted,

LAW OFFICES OF ELLIOTT N. TIOMKIN

BY   /s/ Elliott N. Tiomkin
_____
ELLIOTT N. TIOMKIN
Attorneys for Plaintiff, Christopher Goertemiller